USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/2022



The Hon. Sylvia O. Hinds-Radix
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARTHA NIMMER
*Special Assistant Corporation Counsel*
Cell: (917) 499-8632

April 1, 2022

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re: *M.Z. v. New York City Dep't of Educ.*, 21-cv-9451 (AT)(JLC)

Dear Judge Torres:

      I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400 ("IDEA"), *et seq.*, as well as for this action.

      We write to request that Plaintiffs be barred from attempting to submit purported "expert testimony"[1] on the issue of attorney hourly rates in their upcoming fee application, with Plaintiffs' motion papers due April 15, 2022. Plaintiff does not consent to this request, and has just advised us today of their intention to utilize a Tasher Declaration in support of their fees application.

---

[1] Plaintiff seeks to submit an "expert" declaration by Mr. Steven Tasher, which has been submitted by the Cuddy Law Firm in many recent fee applications, some of which are on appeal to the Second Circuit. There is no prejudice in the timing of this letter motion to bar expert discovery and submissions, in that CLF has recycled the Tasher Declaration with very little changes over upwards of a dozen fees applications in the past eight months.

First, we sincerely apologize for our error in joining the proposed case management plan (filed at ECF No. 14), which fixed a date for this so-called "expert" testimony disclosure. As Plaintiff's counsel is well aware, we have opposed the use of the Tasher Declaration in many other recent fees motions made by the Cuddy Law Firm ("CLF"). *See, e.g., L.C. v. DOE*, 21-cv-1250 (VSB)(GWG) (ECF No. 36); *K.E. v. DOE,* 21-cv-2815 (KPF)(RWL) (ECF No. 37); *N.A. v. DOE,* 21-cv-2643 (PGG)(SLC) (ECF No. 41); and *M.R. v. DOE,* 21-CV-5503 (VEC)(SN) (ECF No. 34). Indeed, we have been successful in limiting the record on some of these simple fees motions to the underlying administrative record and relevant fact declarations. *See, e.g., S.J. v. DOE,* 20-cv-1922 (LGS) (S.D.N.Y. Jan. 12, 2021 Order) (ECF No. 83).

Other Judges in this District have rejected the Tasher Declaration that CLF now seeks to utilize in its upcoming motion. For example, as Judge Liman recently found in *S.H. v. DOE*, 21-cv-4967 (LJL) (S.D.N.Y. Jan. 26, 2022) (Opinion and Order annexed hereto):

> Plaintiff's arguments are of limited weight. Tasher's conclusion that the rates proposed by CLF are reasonable offers advice <u>on an ultimate issue before the Court and thus is not admissible</u>. *See Hygh v. Jacobs*, 961 F.2d 359, 363–64 (2d Cir. 1992). Moreover, to the extent that Tasher's declaration does more than put factual evidence of fees charged before the Court and purport to express an opinion either on the reasonableness of rates or the reasonableness of hours, Tasher has not demonstrated he has any particular expertise on the issue of IDEA litigation and that opinion would be of limited weight.

*Id.* (emphasis provided) *See also Schoolcraft v. City of New York*, 2016 U.S. Dist. LEXIS 183036, *9 (S.D.N.Y. Sept. 6, 2016) ("<u>The court is itself an expert</u> and can properly consider its own knowledge and experience concerning reasonable and proper fees and in light of such knowledge and experience and from the evidence presented, can form an independent appraisal of the services presented and determine a reasonable value thereof.") *Schoolcraft,* 2016 U.S. Dist. LEXIS 183036, *9 (citing *Newman v. Silver*, 553 F. Supp. 485, 497 (S.D.N.Y. 1982), aff'd in part, 713 F.2d 14 (2d Cir. 1983)) (emphasis added).

Accordingly, Defendant respectfully requests that Plaintiff's be limited to the administrative record below and any relevant fact declarations.

Thank you for considering this request.

DENIED.

SO ORDERED.

Dated: April 18, 2022
       New York, New York

ANALISA TORRES
United States District Judge