USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/14/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
M.Z., individually and on behalf of I.T., a child with a disability,

                                Plaintiff,

                -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.
-------------------------------------------------------------

21 Civ. 9451 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, M.Z., files this action against the New York City Department of Education (the "DOE") to recover attorney's fees and related costs, including pre-judgment and post-judgment interest, following an administrative hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Compl., ECF No. 1. M.Z. now moves for summary judgment under IDEA's fee-shifting provision, *see* 20 U.S.C. § 1415(i)(3), seeking $43,778.36 in fees, costs, and interest, part of which ($26,236.36) is attributable to the underlying administrative proceeding and part of which ($17,542.00) is attributable to this action. *See* ECF No. 18; Reply at 1, ECF No. 34; Cuddy 2d Decl. ¶ 7, ECF No. 35. For the reasons stated below, Plaintiff's motion is GRANTED in part, and DENIED in part.

## BACKGROUND[1]

      M.Z. is the parent of I.T., a minor with a disability as defined by IDEA. *See* ECF No. 28 ¶¶ 3–4, 6–7. On August 1, 2019, M.Z., on behalf of I.T., filed a due process complaint, alleging that the DOE did not provide I.T. with a "free appropriate public education" within the meaning of IDEA during the 2017–2018, 2018–2019, and 2019–2020 school years. *Id.* ¶¶ 8, 10. M.Z.

---

[1] The following facts are undisputed by the parties. *See* ECF No. 28.

sought, among other relief, compensatory related services and compensatory educational services in the form of applied behavioral analysis. *Id.* ¶ 11.

On June 15, 2020, a seven-minute telephonic due process hearing was held before an impartial hearing officer. *Id.* ¶ 16; Hillman Decl. ¶ 5, ECF No. 30. At the hearing, M.Z. entered nine documents into evidence and called no witnesses. ECF No. 28 ¶ 16. The DOE did not present a case and did not oppose the relief sought by M.Z. *Id.* Neither party submitted a closing brief. *Id.* ¶ 17. Shortly thereafter, on June 29, 2020, the impartial hearing officer issued an order finding that I.T. was denied a "free appropriate public education" and granting M.Z.'s requested relief. *Id.* ¶ 18; Admin. Order at 3–4, ECF No. 21-2.

On November 15, 2021, M.Z. filed this action against the DOE to recover attorney's fees, costs, and interest. ECF No. 1. On January 28, 2022, the DOE made a formal settlement offer to M.Z.'s counsel, the Cuddy Law Firm ("CLF"), in the amount of $16,000. Nimmer Decl. ¶ 17, ECF No. 31. M.Z. rejected the offer and now moves for summary judgment, seeking an award of $43,778.36 in attorney's fees, costs, and interest, consisting of $26,236.36 for the administrative proceeding and $17,542.00 for this action before the Court. *See* Reply at 1; *see also* Pl. Mem. at 2, ECF No. 26; Cuddy 2d Decl. ¶ 7. The DOE requests that the Court award no more than $10,869.50 for the work performed in both the administrative proceeding and this federal action. *See* Def. Opp. at 4, ECF No. 33.

## DISCUSSION

I. <u>Legal Standards</u>

   A. Summary Judgment Standard

Summary judgment is appropriate where the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

Case 1:21-cv-09451-AT   Document 42   Filed 03/14/23   Page 3 of 16

R. Civ. P. 56(a); *see Est. of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

When ruling on a motion for summary judgment, all evidence must be viewed "in the light most favorable to the non-moving party." *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004). A court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Affidavits submitted in support of, or in opposition to, summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show "that the affiant is competent to testify to the matters stated therein." *Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(e)).

B. IDEA Fee-Shifting Standard

IDEA guarantees children with disabilities and their parents certain procedural rights "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs," 20 U.S.C. § 1400(d)(1)(A), including the right to seek relief from local educational agencies at an "[i]mpartial due process hearing." *Id.* § 1415(f). Further, under IDEA, courts, in their discretion, may award attorney's fees and costs to a "prevailing party" at such a hearing. *Id.* § 1415(i)(3)(B)(i). A parent "prevails" when "actual relief on the merits of [her] claim materially alters the legal relationship between the parties by modifying the defendant's behavior

3

in a way that directly benefits the plaintiff." *K.L. v. Warwick Valley Cent. Sch. Dist.*, 584 F. App'x 17, 18 (2d Cir. 2014) (cleaned up). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

When considering a claim to recover attorney's fees under IDEA, a district court must "first determine whether the party seeking the award is in fact a prevailing party" and, second, whether that party should be awarded attorney's fees and costs "under the appropriate standard." *Mr. L. v. Sloan*, 449 F.3d 405, 407 (2d Cir. 2006); *see R.P. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 4054, 2022 WL 1239860, at *2 (S.D.N.Y. Apr. 27, 2022). Here, the DOE does not dispute that M.Z. is a "prevailing party" within the meaning of IDEA and is entitled to attorney's fees. *See* Def. Opp. at 4. Therefore, the sole question at issue in this case is to what fees and costs M.Z. is entitled.

To determine the attorney's fees to which a party is entitled, a court must calculate each attorney's and paralegal's "presumptively reasonable fee." *E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ.*, No. 11 Civ. 5243, 2014 WL 1092847, at *2 (S.D.N.Y. Mar. 17, 2014). District courts have "considerable discretion" in determining the "reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183, 190 (2d Cir. 2008). "When determining a reasonable hourly rate for an attorney or paralegal, courts consider both the prevailing market rates for such legal services as well as the case-specific factors articulated in *Johnson v.* [*Georgia*] *Highway Express Inc.*[, 488 F.2d 714 (5th Cir. 1974).]" *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019). The *Johnson* factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the

preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Lilly v. City of New York*, 934 F.3d 222, 228 (2d Cir. 2019) (citing *Arbor Hill*, 522 F.3d at 186 n.3, and *Johnson*, 488 F.2d at 717–19). "A court 'need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award.'" *R.P.*, 2022 WL 1239860, at *2 (quoting *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632, 2018 WL 3769972, at *3 (S.D.N.Y. Aug. 9, 2018)). Further, the fees may be reduced under § 1415(i)(3)(F), unless the court concludes that the "local educational agency unreasonably protracted the final resolution of the action or proceeding or there was a violation of [§ 1415]," 20 U.S.C. § 1415(i)(3)(G).

II. Analysis

A. Hourly Rates[2]

The parties dispute the reasonable hourly rates for CLF's attorneys and paralegals. M.Z. seeks hourly rates of:

$550 for Andrew Cuddy and Jason Sterne, senior attorneys;
$450 for Kevin Mendillo, a mid-level attorney;
$425 for Justin Coretti, a mid-level attorney;
$400 for Benjamin Kopp, a junior attorney;

---

[2] The Court rejects M.Z.'s argument that the DOE "unreasonably protracted" the final resolution of the action by "fail[ing] to convene [a] mandatory resolution session" and "fail[ing] to issue a due process response." Pl. Mem. at 5–6. The Court finds that any delay did not rise to the level of being an "unreasonable protraction." *See K.E. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2815, 2022 WL 4448655, at *9 (S.D.N.Y. Sept. 23, 2022); *M.M. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6915, 2022 WL 3043218, at *4 (S.D.N.Y. Aug. 2, 2022). In any event, even assuming that the DOE unreasonably protracted the final resolution of the action, that conclusion "would not entitle CLF to more than a reasonable attorney's fee calculated based on the standards well established by the Supreme Court and in this Circuit." *M.H. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1923, 2021 WL 4804031, at *25 (S.D.N.Y. Oct. 13, 2021) (collecting cases).

>   $375 for Erin Murray, a junior attorney; and
>   $225 for paralegals.

*See* Cuddy 2d Decl. ¶ 7; *see also* Cuddy 1st Decl. ¶¶ 53, 56, ECF No. 20.  The DOE argues that, based on the *Johnson* factors and this district's recent decisions in IDEA fee-shifting cases involving CLF, the Court should assign hourly rates no greater than $360 for senior attorneys, $300 for mid-level attorneys, $200 for junior attorneys, and $100 for paralegals.  *See* Def. Opp. at 8–9.

The Court first considers the *Johnson* factors to determine the reasonable hourly rates for CLF's attorneys and paralegals.  The Court concludes that many factors weigh against a high hourly rate.  Here, the "time and labor" involved in the case were not significant, *Lilly*, 934 F.3d at 228:  the underling administrative proceeding involved a single, seven-minute telephonic hearing, Hillman Decl. ¶ 5.  At the hearing, M.Z. did not call any witnesses or submit a closing brief.  ECF No. 28 ¶¶ 16–17.  Nor did the case involve novel or difficult questions.  Rather, "the issues raised were like those in many other [due process complaint] proceedings in this [d]istrict, including many cases in which CLF served as [p]laintiff's counsel."  *F.N. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 3379, 2022 WL 3544128, at *3 (S.D.N.Y. Aug. 18, 2022) (quotation marks omitted) (quoting *M.D. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6060, 2021 WL 3030053, at *3 (S.D.N.Y. July 16, 2021)); *see* Goldman Decl. ¶ 10, ECF No. 29.  The due process complaint was five pages long.  *See* ECF No. 21-1.  The DOE did not oppose the relief sought, *see* ECF No. 28 ¶ 16, and the impartial hearing officer issued a short, four-page order, *see* Admin. Order.  The Court also does not find that there was "a significant level of skill required to litigate this case, given that the issues were not complex, either factually or as a matter of law," *T.A. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 7104, 2022 WL 3577885, at *4 (S.D.N.Y. Aug. 19, 2022), and the requested relief was similar to that in many other matters that both CLF and the DOE

routinely handle. *See* Goldman Decl. ¶ 10. Further, there is no evidence that this case prevented CLF from accepting other cases or that this case was particularly "undesirab[le]." *Lilly*, 934 F.3d at 228 (citation and quotation marks omitted).

In addition to the *Johnson* factors, the Court also considers the "prevailing market rates" for similar services. *R.G.*, 2019 WL 4735050, at *2. In support of the proposed hourly rates, M.Z. first offers a declaration from Steven A. Tasher, an attorney and principal at consulting firm Wyatt Partners who provides his "expert analysis on the reasonableness of attorneys' fees and costs in complex litigation." Tasher Decl. ¶¶ 4, 8, ECF No. 25; *see* Pl. Mem. at 10–14. In his report, Tasher reviews fifteen CLF retainer agreements and three outside firms' practices, and examines M.Z.'s "hours, rates, and fees sought in the context of the statutory construction and well-established principles of fee-shifting." *Id.* ¶¶ 22, 79, 86–89. Tasher ultimately concludes that M.Z.'s "rates, hours, and fees sought are reasonable." *Id.* ¶ 22; *see also id.* ¶¶ 162–64. For substantially the same reason stated by other courts in the Southern District, the Court does not give the Tasher report much weight. As another court in this district held in *K.O. v. New York City Department of Education*, No. 20 Civ. 10277, 2022 WL 1689760 (S.D.N.Y. May 26, 2022):

> [Tasher's expert] report is of limited weight. Tasher's conclusion that the rates proposed by CLF are reasonable offers advice on an ultimate issue before the Court and thus is not admissible. Moreover, to the extent that Tasher's declaration does more than put factual evidence of fees charged before the Court and purport to express an opinion either on the reasonableness of rates or the reasonableness of hours, Tasher has not demonstrated he has any particular expertise on the issue of IDEA litigation and that opinion would be of limited weight. The underlying facts Tasher relies on do not support that CLF's requested rates are reasonable. CLF's engagement letters are relevant to the *Johnson* factor regarding the firm's customary rate, but—assuming that they established a customary rate—that is only one of the *Johnson* factors . . . The fact that certain clients might have agreed at a point in the past that CLF should be paid at a particular rate does not establish that rate is reasonable . . . As to the three law firms Tasher mentions, the evidence before the Court fails to establish the work that they did was comparable to the work CLF was required to do in this case.

*Id.* at *11; *see also K.E.*, 2022 WL 4448655, at *12 (same); *Y.S. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2159, 2022 WL 3572935, at *6 (S.D.N.Y. Aug. 19, 2022) ("[T]he Court does not weigh heavily the declaration[] by purported attorneys' fees expert Steven A. Tasher.").

M.Z. also cites to declarations filed by CLF in other cases in which other IDEA attorneys testify as to their rates for special education litigation in the Southern District. Pl. Mem. at 14–16. Like other courts in the Southern District, the Court declines to rely on these declarations "because the submitted evidence either does not substantiate such rates were actually paid (versus claimed), or where rates are asserted to have been actually paid, does not provide relevant context for such rates billed." *L.L. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 2515, 2022 WL 392912, at *3 (S.D.N.Y. Feb. 9, 2022) (quoting *S.J. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 1922, 2021 WL 100501, at *3 (S.D.N.Y. Jan. 12, 2021)).

The Court next turns to the last *Johnson* factor: "awards in similar cases." *Lilly*, 934 F.3d at 228. "The relevant community for the purposes of determining a reasonable rate is the Southern District of New York, where both this litigation and the underlying administrative proceeding are centered."[3] *T.H. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 10962, 2022 WL 16945703, at *4 (S.D.N.Y. Nov. 15, 2022) (quoting *H.A.*, 2022 WL 580772, at *5). Indeed, in 2022, CLF brought over fifteen federal cases in the Southern District litigating the rates that they charge in similar IDEA cases. The majority of courts in this district that have considered similar actions to recover attorney's fees and costs have substantially reduced CLF's proposed hourly

---

[3] The Court rejects the DOE's argument that the Court should look to prevailing market rates in the Northern District of New York, where CLF is located, instead of the Southern District of New York. Def. Opp. at 6–8. "[A]n out-of-district attorney may be entitled to receive a higher rate when practicing in this district than the rate . . . he or she ordinarily receives in the community in which he or she usually practices." *H.A. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10785, 2022 WL 580772, at *5 n.6 (S.D.N.Y. Feb. 25, 2022) (internal quotations and citation omitted).

rates. For example, most courts have reduced Cuddy's hourly rate to somewhere between $360 and $420 per hour.[4] *See, e.g.*, *N.A. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 2643, 2022 WL 17581774, at *8 (S.D.N.Y. Dec. 12, 2022) ($375); *T.H.*, 2022 WL 16945703, at *4 ($400); *K.E.*, 2022 WL 4448655, at *12 ($400); *T.A.*, 2022 WL 3577885, at *5 ($375); *F.N.*, 2022 WL 3544128, at *4 ($375); *M.M.*, 2022 WL 3043218, at *8 ($420); *K.O.*, 2022 WL 1689760, at *9 ($420); *R.P.*, 2022 WL 1239860, at *4 ($375); *N.G.B. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 6571, 2022 WL 800855, at *3 (S.D.N.Y. Mar. 16, 2022) ($400); *H.A.*, 2022 WL 580772, at *6 ($375); *H.W. v. N.Y.C. Dep't of Educ.*, No. 20 Civ. 10591, 2022 WL 541347, at *3 (S.D.N.Y. Feb. 23, 2022) ($400); *L.L.*, 2022 WL 392912, at *3 ($360).

Although a court may consider "rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district," *Farbotko v. Clinton Cnty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005), a court "may not rely *solely* on awards in prior cases in setting the rate," *M.M.*, 2022 WL 3043218, at *7 (citing *Farbotko*, 433 F.3d at 208). "Recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable fee statute] and compensation available in the marketplace." *Farbotko*, 433 F.3d at 209. Here, the Court looks to rates awarded in similar cases within the Southern District as one factor in assessing the prevailing market rates for such legal services, and in considering the *Johnson* factors. *R.G.*, 2019 WL 4735050, at *2.

---

[4] In 2022, one court in the Southern District awarded the requested rate of $550 an hour to Cuddy. *See Y.G. v. N.Y.C. Dep't of Educ.*, No. 21 Civ. 641, 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022). In *Y.G.*, the court acknowledged that its awarded rates were "higher than other district courts have allowed," and premised the relatively high hourly rates, in part, on the fact that the underlying administrative proceeding was "heavily contested and required the skill of an experienced IDEA litigator to prevail, as there were multiple days of hearings and five hearings on the merits." *Id.* In contrast, here, the underlying impartial due process hearing was entirely uncontested and lasted only seven minutes.

After careful consideration of the *Johnson* factors and similar judicial decisions within the Southern District, the Court concludes that the proper hourly rates for CLF's attorneys fall between M.Z.'s proposed hourly rates and the DOE's requested rates. Accordingly, M.Z.'s hourly rates for this case shall be as follows:

>$375 for Andrew Cuddy and Jason Sterne;
>$300 for Justin Coretti;
>$200 for Erin Murray; and
>$125 for paralegals.[5]

The Court finds that an hourly rate of $375 for Cuddy and Sterne is appropriate. Cuddy has over twenty years of experience litigating in special education due process hearings, has published a book on the field, and is the founder and principal of CLF. *See* Cuddy 1st Decl. ¶¶ 9, 46–48. Likewise, Sterne has over twenty years of experience and worked at CLF for fifteen years. *Id.* ¶ 14. This value is consistent with how other courts in this district have awarded fees to Cuddy and Sterne, particularly in matters involving uncontested administrative hearings. *See supra* pp. 8–9. For Coretti, the Court finds that an hourly rate of $300 is appropriate. Coretti has approximately ten years of experience as an attorney and joined CLF in 2015. *See* Cuddy 1st Decl. ¶ 11; ECF No. 21 ¶¶ 3–5. This value is consistent with the rates awarded to Coretti in other recent cases. *See, e.g.*, *M.M.*, 2022 WL 3043218, at *9; *cf. R.P.*, 2022 WL 1239860, at *4 (awarding Coretti an hourly rate of $200). For Murray, a more junior attorney, the Court finds that an hourly rate of $200 is reasonable. Murray graduated from law school in 2019, joined CLF in 2020, and has only a couple years of experience in IDEA litigation. Cuddy 1st Decl. ¶ 11; ECF No. 22 ¶¶ 20, 24–25. "For associates with three or fewer

---

[5] Mendillo and Kopp each billed for less than an hour of work on the federal action, and for the reasons stated below, the Court excludes the hours billed by them. Therefore, the Court only considers the hourly rates for Cuddy, Sterne, Coretti, Murray, and the paralegals. Coretti handled the bulk of the work for the administrative proceeding, and Murray handled most of the work for this federal action. *See* Cuddy 2d Decl. ¶¶ 4, 7.

years of experience in [IDEA] litigation, courts in [the Southern] District have typically approved rates of $150–$275." *R.G.*, 2019 WL 4735050, at *3; *cf. R.P.*, 2022 WL 1239860, at *4 (awarding Murray an hourly rate of $150). Lastly, for the firm's paralegals, the Court finds that an hourly rate of $125 is appropriate and "consistent with the hourly rates broadly recognized for paralegals within this district." *M.M.*, 2022 WL 3043218, at *9 (citing *R.P.*, 2022 WL 1239860, at *4). "With evidence of specialized qualifications, paralegals typically receive an hourly rate of $120 or $125." *F.N.*, 2022 WL 3544128, at *4 (citation omitted).

      B. Hours Billed

"Hours that are excessive, redundant, or otherwise unnecessary are to be excluded" from fee awards. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quotation marks omitted). The Court may reduce the number of hours billed if it finds it cannot credit the prevailing party's "representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). If a court finds that the hours billed are excessive, the court may identify specific hours that should be disregarded, or it may choose to reduce the award by a reasonable percentage. *See R.G.*, 2019 WL 4735050, at *3. But, "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "[T]rial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

For the administrative proceeding below, CLF requests 74.80 hours[6] after a 5.40-hour discretionary reduction. Cuddy 2d Decl. ¶¶ 4, 7. For this federal action, CLF requests 44.20 hours after a .20-hour discretionary reduction. *Id.* The DOE argues that CLF's billed hours are

---

[6] Plaintiff's submission erroneously lists Sterne's billed hours as 0.05. Based on the total fees requested for Sterne's billed hours, the Court will credit Sterne's billed hours as 0.5.

excessive and notes that courts in this district have substantially reduced the hours billed by CLF in previous cases. Def. Opp. at 16–17. "Notably, recent cases in this district have reduced the hours that CLF spent litigating attorney's fees between twenty-five percent to fifty percent." *R.P.*, 2022 WL 1239860, at *7 (collecting cases).

First, the Court considers CLF's billing during the administrative proceeding. The DOE contends that CLF excessively billed for preparing hearing requests and for the hearing preparation. *See* Def. Opp. at 26. In particular, the DOE notes that CLF billed 12.6 hours to prepare the 6-page due process complaint, which is a relatively simple document that CLF has extensive experience drafting. *Id.*; *see also M.M.*, 2022 WL 3043218, at *9. Further, the DOE notes that CLF billed 9.7 hours in preparation for the seven-minute, uncontested hearing. Def. Opp. at 26–27. The DOE also argues that CLF overbills for performing simple, administrative tasks. *See id.*

After carefully reviewing CLF's billing entries for the administrative proceeding, *see* ECF No. 20-1, the Court agrees that CLF's billed hours were "excessive" and thus warrant reduction given the brevity of M.Z.'s submissions, the short and uncontested hearing, and that the administrative issues were neither factually nor legally complex. *Kirsch*, 148 F.3d at 173. However, the Court does recognize that Coretti traveled from Auburn, New York, to Brooklyn, New York, for an administrative hearing that was unexpectedly adjourned, and that although the eventual administrative hearing was uncontested, Coretti would have been required to prepare regardless. *See* Pl. Mem. at 3.

Accordingly, the Court finds that CLF's billed hours for the administrative proceeding shall be reduced by twenty percent. *See F.N.*, 2022 WL 3544128, *6. And, consistent with other recent decisions, the Court also reduces Coretti's travel time to one hour in each direction for a

total of two hours. *See, e.g., id.*; *J.R. v. N.Y.C. Dep't of Educ.,* No. 19 Civ. 11783, 2021 WL 3406370, at *6 (S.D.N.Y. Aug. 4, 2021). The fee award for the administrative proceeding is as follows:

| Administrative Action | | | |
|---|---|---|---|
| Name | Adjusted Rate | Hours | Adjusted Total |
| A. Cuddy | $375 | 0.96 | $360 |
| Sterne | $375 | 0.40 | $150 |
| Coretti (travel) | $150 | 2.00 | $300 |
| Coretti | $300 | 40.88 | $12,264 |
| Bunnell | $125 | 1.92 | $240 |
| Pinchak | $125 | 3.52 | $440 |
| Bianco | $125 | 2.24 | $280 |
| O'Donnell | $125 | 0.72 | $90 |
| Smith | $125 | 0.16 | $20 |
| S. Cuddy | $125 | 1.04 | $130 |
| Total | | | $14,274 |

*Cf.* Cuddy 2d Decl. ¶ 7.

Second, the Court turns to CLF's billing for this federal action. In addition to arguing that CLF excessively overbilled for this federal action, the DOE also contends that if the Court concludes that CLF is entitled to less than $16,000 for all work performed up through January 28, 2022—the date when the DOE made a formal settlement offer to M.Z. in the amount of $16,000—then CLF is barred from recovering for work beyond that date under IDEA. Def. Opp. at 29. In response, M.Z. argues that CLF is not barred from recovering after January 28, 2022, because M.Z. was "substantially justified in rejecting the settlement offer." Reply at 5 (quoting 20 U.S.C. § 1415(i)(3)(E)). Specifically, M.Z. argues that the DOE's inclusion of a waiver of their right to claim post-judgment interest was "an important consideration," and the Southern District "began awarding CLF higher base-rates that . . . result in a number significantly higher than Defendant's offer." *Id.* at 5–6.

Under IDEA's fee-shifting provisions, a court may not award attorney's fees and related costs "subsequent to the time of a written offer of settlement to a parent if" the court "finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement." 20 U.S.C. § 1415(i)(3)(D)(i).  Here, that is the case because the total fees and costs to which CLF is entitled, as discussed further below, is "not more favorable" than the $16,000 settlement offer that the DOE presented to M.Z.  Neither of M.Z.'s arguments are persuasive. First, "were [the] DOE to delay payment past the ninety-day statutory period for a municipality to pay all sums to a settling plaintiff, *see* N.Y.C.P.L.R. § 5003-a," M.Z. "could bring a separate action seeking an award of interest on the settlement amounts." *F.N.*, 2022 WL 3544128, *6. Second, the two cases that M.Z. cites to as "awarding CLF higher base-rates" do not "substantially justif[y]" rejecting the DOE's offer, particularly considering the dozens of cases in this district that have substantially reduced CLF's requested reward.  *See supra*, pp. 8–9; *see also F.N.*, 2022 WL 3544128, *7; *R.P.*, 2022 WL 1239860, at *8.[7]

The Court agrees with the DOE that M.Z. is not entitled to recover fees for any work performed after January 22, 2022.  This is consistent with other recent decisions in this district. *See, e.g.*, *T.A.*, 2022 WL 3577885, at *7; *F.N.*, 2022 WL 3544128, at *6; *R.P.*, 2022 WL 1239860, at *6.  Therefore, many of the DOE's arguments as to CLF's excessive billing in this federal action are moot, and the Court shall not address them. *See* Def. Opp. at 17–25.  As to the

---

[7] The Court further notes that neither case that M.Z. cites supports their argument.  *See* Reply at 5.  In *V.W. v. N.Y.C. Dep't of Educ.*, the district court awarded hourly rates consistent with those held in this case and in other recent cases. No. 20 Civ. 2376, 2022 WL 37052, at *7–8 (S.D.N.Y. Jan. 4, 2022).  That court also reduced Coretti's billed hours in the administrative action by twenty percent, reduced his travel time to one hour in each direction, and further reduced CLF's requested expenses, including finding that CLF may not recover costs for lodging or faxing. *Id.*  And, for the reasons previously discussed, the court in *Y.G.* awarded higher rates because that underlying administrative proceeding was "heavily contested and required the skill of an experienced IDEA litigator to prevail, as there were multiple days of hearings and five hearings on the merits."  2022 WL 1046465, at *2; *see supra* n.4.

14

work performed in the federal action before the settlement offer, the Court declines to reduce CLF's billed hours because it finds the time billed for working on the federal complaint, the summons, and the cover sheet to be reasonable. Accordingly, the fee award for the federal action is as follows:

| Federal Action | | | |
|---|---|---|---|
| Name | Adjusted Rate | Hours | Adjusted Total |
| A. Cuddy | $375 | 0.7 | $262.50 |
| Murray | $200 | 2.8 | $560 |
| S. Cuddy | $125 | 0.6 | $75 |
| **Total** | | | **$897.50** |

*Cf.* Cuddy 2d Decl. ¶ 7; *see also* ECF No. 35-1.

### C. Costs, Expenses, and Interest

M.Z. next argues that CLF's requested costs and expenses are reasonable. *See* Pl. Mem. at 28–29. "Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (cleaned up). In her reply to the DOE's opposition papers, M.Z. applies a discretionary reduction to the requested costs and expenses from $926.11 to $246.36 for the administrative proceeding; M.Z. also requests $402 for the filing fee in the federal action. Cuddy 2d Decl. ¶ 7. After closely reviewing the requested costs and expenses, the Court declines to further reduce the cost award. Accordingly, the Court awards M.Z. $648.36 for costs and expenses ($246.36 for the administrative proceeding, and $402 for the federal action).

Finally, M.Z. requests both pre-judgment interest and post-judgment interest. *See* Pl. Mem. at 29–30. As discussed above, M.Z. is not entitled to recover fees and costs after the DOE's settlement offer on January 22, 2022. Therefore, M.Z.'s request for pre-judgment interest is DENIED. *See, e.g.*, *R.P.*, 2022 WL 1239860, at *7; *S.J.*, 2021 WL 100501, at *5; *M.H.*, 2021

WL 4804031, at *29–31. On the other hand, "[p]ursuant to 28 U.S.C. § 1961, the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *True-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (quotation marks omitted). Accordingly, M.Z.'s request for post-judgment interest is GRANTED.

## CONCLUSION

For the foregoing reasons, M.Z.'s motion is GRANTED in part, and DENIED in part. The Court awards M.Z. a total of $15,819.86 in attorney's fees and expenses. M.Z. is also entitled to post-judgment interest. The revised total reward is summarized below:

| **Revised Award** | |
|---|---:|
| Administrative Action | $14,274.00 |
| Federal Action | $897.50 |
| Costs and Expenses | $648.36 |
| **Total** | $15,819.86 |

The Clerk of Court is directed to terminate the motion at ECF No. 18 and close the case.

SO ORDERED.

Dated: March 14, 2023
       New York, New York

                                                ANALISA TORRES
                                        United States District Judge